IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br><br>v.<br><br>GREGORY BOYD;<br>JP MORGAN CHASE N.A.;<br>GREGORY FUNDING LLC.;<br>FIRST HORIZON HOME LOAN CORPORATION;<br>U.S. BANK N.A., as INDENTURED TRUSTEE OF AJAX MORTGAGE LOAN TRUST 2021-G,<br>MORTGAGE-BACKED SECURITIES SERIES 2021-G;<br>BRUCE ELFANT as TRAVIS COUNTY TAX ASESSOR/COLLECTOR;<br>AUSTIN INDEPENDENT SCHOOL DISTRICT;<br>TRAVIS COUNTY;<br>TRAVIS COUNTY CENTRAL HEALTH; and<br>TRAVIS COUNTY EMERGENCY SERVICE DISTRICT 4,<br>    Defendants. | CIVIL NO: 1:23-cv-1405 |

## UNITED STATES' COMPLAINT

As authorized by a delegate of the Secretary of the Treasury and directed by a delegate of the Attorney General of the United States, pursuant to 26 U.S.C. § 7401 and 7403, the United States of America brings this action to (1) reduce to judgment delinquent federal individual income tax assessments against defendant Gregory Boyd for tax years 2012 through 2019 and 2021; and (2) enforce federal tax liens for the foregoing delinquent taxes on property located in Travis County, Texas. For its complaint, the United States alleges as follows:

**Jurisdiction and Venue**

1. This Court has jurisdiction pursuant to 26 U.S.C. §§ 7402 and 7403, and 28 U.S.C. §§ 1331, 1340, and 1345 because this action arises under federal tax laws, and the United States is the plaintiff.

2. Venue is proper pursuant to 28 U.S.C. §§ 1391(b) and 1396 because Defendant Gregory Boyd resides in Travis County, Texas, and the property subject to this action is also located in Travis County, Texas.

**Parties**

3. Plaintiff is the United States of America.

4. Defendant Gregory Boyd is a party because he owes federal income taxes. He may be served in Austin, Texas 78730.

5. Defendant JP Morgan Chase Bank, N.A. is a party because it may claim an interest in the Property subject to this suit. It may be served via its registered agent, C T Corporation System, at 1999 Bryan St., Ste. 900 Dallas, TX 75201-3136.

6. Defendant Gregory Funding LLC. is a party because it may claim an interest in the Property subject to this suit. It may be served via its registered agent, C T Corporation System, at 1999 Bryan St., Ste. 900 Dallas, TX 75201-3136.

7. Defendant First Horizon Home Loan Corporation is a party because it may claim an interest in the Property subject to this suit. It may be served via its registered agent, Terry L. McCoy, at 4000 Horizon Way, Irving, TX 75063.

8. Defendant U.S. Bank N.A., as Indentured Trustee of Ajax Mortgage Loan Trust 2021-G, Mortgage-Backed Securities Series 2021-G, is a party because it may claim an interest in the Property subject to this suit. It may be served via its registered agent, C T Corporation System, at 1999 Bryan St., Ste. 900 Dallas, TX 75201-3136.

9. Bruce Elfant is a party because the Travis County Tax Assessor/Collector may claim an interest in the Property subject to this suit. He may be served at his office at 2433 Ridgepoint Dr., Austin, TX 78754-5231.

10. Defendant Austin Independent School District is a party because it may claim an interest in the Property subject to this suit. It may be served via Defendant Bruce Elfant.

11. Defendant Travis County is a party because it may claim an interest in the Property subject to this suit. It may be served via Defendant Bruce Elfant.

12. Defendant Travis Central Health is a party because it may claim an interest in the Property subject to this suit. It may be served via Defendant Bruce Elfant.

13. Defendant Travis County Emergency Service District 4 is a party because it may claim an interest in the Property subject to this suit. It may be served via Defendant Bruce Elfant.

## COUNT I  (TAX LIABILITY)

14. On the following dates, a delegate of the Secretary of the Treasury made assessments against Defendant Gregory Boyd for federal income (Form 1040) taxes and penalties for the following tax periods and in the following amounts, ("the Income Tax Liabilities"), which have balances due with accruals and costs as of November 13, 2023, as follows (See **Exhibit 1**, Redacted IRS Form 4340s):

| Tax Period Ending | Assessment Date | Assessment Type | Amount Assessed | Balance Due 11-13-2023 |
|---|---|---|---|---|
| 12/31/2012 | 12-02-2013 | Tax | $87,636 | |
| | 12-02-2013 | Estimated Tax Penalty | $987. 72 | |
| | 12-02-2013 | Failure to Pay Penalty | $314.36 | |
| | 12-16-2013 | Estimated Tax Penalty | $583.44 | |
| | 12-16-2013 | Failure to Pay Penalty | $3,629.26 | |
| | 08-04-2014 | Failure to Pay Penalty | 2,770.79 | $33,104.84 |
| 12/31/2013 | 11-24-2014 | Tax | $100,099 | |
| | 11-24-2014 | Estimated Tax Penalty | $1,797 | |

|  |  |  |  |  |
|---|---|---|---|---|
|  | 11-24-2014 | Failure to Pay Penalty | $4,003.96 |  |
|  | 11-14-2022 | Failure to Pay Penalty | $11,570.78 | $105,209.54 |
| 12/31/2014 | 10-03-2016 | Tax | $67,388 |  |
|  | 10-03-2016 | Estimated Tax Penalty | $1,207.00 |  |
|  | 10-03-2016 | Late Filing Penalty | $1,624.27 |  |
|  | 10-03-2016 | Failure to Pay Penalty | $649.71 |  |
|  | 11-14-2022 | Failure to Pay Penalty | $1,155.03 | $16,764.79 |
| 12/31/2015 | 10-03-2022 | Tax | $101,773.00 |  |
|  | 10-03-2022 | Estimated Tax Penalty | $308.43 |  |
|  | 10-03-2022 | Late Filing Penalty | $22,898.92 |  |
|  | 10-03-2022 | Failure to Pay Penalty | $25,443.25 | $203,711.69 |
| 12/31/2016 | 10-10-2022 | Tax | $57,264.00 |  |
|  | 10-10-2022 | Estimated Tax Penalty | $946.42 |  |
|  | 10-10-2022 | Late Filing Penalty | $12,884.40 |  |
|  | 10-10-2022 | Failure to Pay Penalty | $14,316.00 | $111,562.38 |
| 12/31/2017 | 09-26-2022 | Tax Failure to Pay Penalty | $64,241.00 |  |
|  | 09-26-2022 | Late Filing Penalty | $14,454.22 |  |
|  | 09-26-2022 | Failure to Pay Penalty | $16,060.25 | $120,263.89 |
| 12/31/2018 | 10-10-2022 | Tax | $45,447.92 |  |
|  | 10-10-2022 | Estimated Tax Penalty | $1,456.00 |  |
|  | 10-10-2022 | Late Filing Penalty | $10,225.78 |  |
|  | 10-10-2022 | Failure to Pay Penalty | $9,426.90 | $82,664.23 |
| 12/31/2019 | 10-10-2022 | Tax | $36,078.00 |  |
|  | 10-10-2022 | Estimated Tax Penalty | $1,103.00 |  |
|  | 10-10-2022 | Failure to Pay Penalty | $4,870.53 | $52,185.97 |
| 12/31/2021 | 10-10-2022 | Tax | $ 23,360.00 |  |
|  | 10-10-2022 | Failure to Pay Penalty | $658.80 | $28,782.64 |
|  |  |  | Total: | $754,249.97 |

15. The Income Tax Liabilities derive from tax assessments based on the Form 1040s or Form 1040Xs that Defendant Gregory Boyd signed and filed with the IRS.

16. A delegate of the Secretary of the Treasury gave notice and demand for payment of the Income Tax Liabilities described above to Gregory Boyd. After the application of statutory interest, penalties, fees, other additions, abatements, payments, and credits, the Income Tax Liabilities described above had a $754,249.97 unpaid balance due as of November 13, 2023.

17. Despite having been given proper notice and demand for payment of the assessments shown in paragraph 14, above, Defendant Gregory Boyd has not fully paid the Income Tax Liabilities.

18. Therefore, pursuant to 26 U.S.C. § 7402, the United States is entitled to a judgment that Defendant Gregory Boyd is liable to the United States for $754,249.97, as of November 13, 2023, plus prejudgment and post judgment interest thereon at the rates set forth in 26 U.S.C. § 6601, 6621 and 28 U.S.C. § 1961(c), until paid.

## COUNT II (ENFORCEMENT OF TAX LIEN)

**The Property**

19. On or about June 28, 2002, and October 7, 2007, Defendant Gregory Boyd acquired title to certain real property in Travis County, Texas ("the Property"), having the following legal description:

    > Lot 9, Block A, OAK SHORES ON LAKE AUSTIN, SECTION 4, a subdivision in Travis County, Texas, according to the map or plat thereof recorded in Volume 101, Page 380 in the Plat Records of Travis County, Texas.

    commonly known as 3215 Pearce Road, Austin, TX 78730. *See* two deeds at **Exhibit 2**.

20. Defendant Gregory Boyd is the owner of and resides at the Property.

21. The Travis County Appraisal District lists the Property under account number 01-3123-0102-0000, see **Exhibit 3**.

**Liens on the Property**

22. Pursuant to 26 U.S.C. §§ 6321 and 6322, as a result of the neglect, refusal, or failure by the tax liabilities described above after notice and demand, at the time of each of the above-described assessments against Defendant Gregory Boyd, a federal tax lien arose

and attached to all property or rights to property then owned, or thereafter acquired, by Defendant Gregory Boyd, including the Property.

23. On or about the dates listed below, the Internal Revenue Service also recorded Notices of Federal Tax Lien ("NFTL") against Defendant Gregory Boyd pursuant to 26 U.S.C. § 6323 with respect to the above-described assessments in the real property records of Travis County Texas on the dates and for the tax years shown on the table below. See **Exhibit 4**.

| Date Recorded | Tax Year(s) |
|---|---|
| 9/22/2015 | 2012, 2013 |
| 3/22/2021 | 2014 |
| 11/22/2022 | 2015, 2016, 2017, 2019, 2021 |
| 2/8/2023 | 2018 |

24. Pursuant to 26 U.S.C. § 7403, the United States is entitled to enforce the federal tax liens described above against Defendant Gregory Boyd's interest in the Property described in paragraph 19 above by foreclosure sale or other court orders. In particular, the United States is entitled to have that Property ordered sold in a judicial sale, or by a receiver appointed for that purpose, free and clear of any rights, titles, liens, claims, or interests of any of the parties to this action, including any rights of redemption with the proceeds of the sale being paid first to the costs and expenses of the sale and then to defendant Travis County Tax Assessor to pay any real estate taxes due and owing which are entitled to priority under 26 U.S.C. § 6323(b)(6), then to the United States to pay the tax liabilities described above and to the other parties in the order of their priority of interest in the property.

**PRAYER**

WHEREFORE, Plaintiff, United States of America, prays for a judgment determining:

a) Defendant Gregory Boyd is liable to the United States for federal income tax liabilities for the years 2012 through 2019 and 2021 in the amount of $754,249.97, as of November 13, 2023, plus statutory additions and prejudgment and post judgment interest on that amount at the rates set forth in 26 U.S.C. §§ 6601, 6621, and 28 U.S.C. § 1961(c) until paid;

b) The federal tax liens securing the liabilities described in this complaint shall be foreclosed or enforced by other court orders against the Property by sale of the entire Property in a judicial sale, or by a receiver appointed for that purpose, free and clear of all rights, titles, claims, liens, and interests of the parties, including any rights of redemption, with the proceeds of the sale distributed: first, to pay the costs and expenses of the sale, including any costs and expenses incurred to secure and maintain the Property; second, to the defendant Travis County Tax Assessor/Collector, to pay any real estate taxes due and owing which are entitled to priority under 26 U.S.C. § 6323(b)(6); third, to the plaintiff United States to pay the liabilities set forth above; and, fourth, to the other parties in accordance with the law; or, as otherwise determined by the Court in accordance with the law;

c) Awards the United States such other and further relief as this Court deems just and proper, including judgment for an amount equal to its costs incurred in this action and for any surcharge authorized by 28 U.S.C. § 3011.

David A. Hubbert
Deputy Assistant Attorney General

/s/ Ignacio Perez de la Cruz
IGNACIO PEREZ DE LA CRUZ
Trial Attorney
Massachusetts Bar No. 672618
Ignacio.PerezdelaCruz@usdoj.gov
U.S. Department of Justice
Tax Division
717 N. Harwood, Suite 400
Dallas, Texas 75201
(214) 880-9759
(214) 880-9742 (Fax)
ATTORNEY FOR THE UNITED STATES